UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JOSHUA HOWARD,

                Plaintiff,

v.                                             Case No. 20-cv-1768-pp

CARLA HARTMAN, NIKKI KAMPHUIS,
CO BODE, and DOES,

                Defendants.

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING FILING FEE (DKT. NO. 2), SCREENING COMPLAINT UNDER 28 U.S.C. §1915A AND DENYING AS UNNECESSARY MOTION TO SHOW CAUSE (DKT. NO. 10)**

Joshua Howard, an inmate at the Green Bay Correctional Institution who is representing himself, filed a complaint under 42 U.S.C. §1983, alleging that the defendants violated his constitutional rights. This decision resolves the plaintiff's motion for leave to proceed without prepaying the filing fee, dkt. no. 2, screens his complaint, dkt. no. 1, and denies as unnecessary his motion to show cause, dkt. no. 10.

**I.    Motion for Leave to Proceed without Prepaying the Filing Fee (Dkt. No. 2)**

The Prison Litigation Reform Act (PLRA) applies to this case because the plaintiff was a prisoner when he filed his complaint. See 28 U.S.C. §1915(h). The PLRA allows the court to give a prisoner plaintiff the ability to proceed with his case without prepaying the civil case filing fee. 28 U.S.C. §1915(a)(2). When funds exist, the prisoner must pay an initial partial filing fee. 28 U.S.C.

1

§1915(b)(1). He then must pay the balance of the $350 filing fee over time, through deductions from his prisoner account. Id.

On December 1, 2020, the court ordered the plaintiff to pay an initial partial filing fee of $124.00. Dkt. No. 5. The court allowed the plaintiff more time to pay the initial partial filing fee, and he timely paid the initial fee on February 19, 2021.[1] The court will grant the plaintiff's motion for leave to proceed without prepaying the filing fee and will require him to pay the remainder of the filing fee over time in the manner explained at the end of this order.

**II.     Screening the Complaint**

　　A.　　Federal Screening Standard

Under the PLRA, the court must screen complaints brought by prisoners seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The court must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

In determining whether the complaint states a claim, the court applies the same standard that it applies when considering whether to dismiss a case under Federal Rule of Civil Procedure 12(b)(6). See Cesal v. Moats, 851 F.3d 714, 720 (7th Cir. 2017) (citing Booker-El v. Superintendent, Ind. State Prison,

---

[1] The plaintiff later filed a motion to show cause as to why the case should not be dismissed for failure to pay the initial partial filing fee. Dkt. No. 10. The court will deny this motion as moot because the plaintiff timely paid the fee.

2

Case 2:20-cv-01768-PP    Filed 07/19/21    Page 2 of 9    Document 13

668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under the color of state law. D.S. v. E. Porter Cty. Sch. Corp., 799 F.3d 793, 798 (7th Cir. 2015) (citing Buchanan–Moore v. Cty. of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009)). The court construes liberally complaints filed by plaintiffs who are representing themselves and holds such complaints to a less stringent standard than pleadings drafted by lawyers. Cesal, 851 F.3d at 720 (citing Perez v. Fenoglio, 792 F.3d 768, 776 (7th Cir. 2015)).

B.  The Plaintiff's Allegations

The plaintiff alleges that on May 7, 2015, he filed a proposed class action complaint in the Eastern District of Wisconsin, Case Number 15-cv-557.[2] Dkt.

---

[2] Howard v. Schrubbe, Case Number 15-cv-557-BHL (E.D. Wis.), is currently pending before District Judge Brett H. Ludwig.

No. 1 at ¶1. He says that he named defendant Nikki Kamphuis, who was then head of the Business Office at Waupun Correctional Institution and the Americans with Disabilities Act coordinator, as a defendant in that case. Id. at ¶2. The plaintiff states that about a month after he filed the proposed class action complaint, he filed a motion for a temporary restraining order to prevent his transfer from Waupun (where he was confined at the time) to another institution; two days later, he submitted an application to the Business Office for a legal loan for postage and supplies needed to prosecute the case. Id. at ¶¶3-4

The plaintiff alleges that four days after he submitted the legal loan application, defendant Carla Hartman, who works in the Business Office, unjustifiably denied all his legal loan requests. Id. at ¶5. The plaintiff states that Kamphuis did not want to personally process any requests for case number 15-cv-557 because she was a named defendant, so she recruited defendant Hartman to act on her behalf. Id. at ¶6. The plaintiff states that through June 2015, he had a balance of $0.00 in his trust account, but that Hartman wrote when denying his loan request that he did not qualify and that there were "multiple inmate plaintiffs." Id. at ¶7. He asserts that there is no policy restricting legal loans to single-plaintiff cases and alleges that the defendants denied his loan application "sole[l]y based on their desire to deter [him] from making progress in the pending class action." Id. at ¶8. He says that along with his request for a loan application, he asked for a pen, ten envelopes and postage for three letters to law firms asking if they were interested in

4

representing the proposed class. Id. at ¶9. The plaintiff asserts that "[t]he attached, addressed and sealed envelopes were 'legal loan envelopes.'" Id. He says that on one of the legal loan requests Hartman denied, "a second party, presumably Kamphuis, wrote in the margin that 'further use of legal [loan] supplies for cases not approved will result in suspension all legal loans." Id. at ¶10. The plaintiff asserts that there is no policy restricting "the use of supplies to the specific case they were originally provided for;" he says that even if such a policy exists, it was "common practice" to use supplies "for any matter as long as it was a legal matter." Id. at ¶11.

The same day that defendant Hartman denied the plaintiff's legal loan requests, the defendants allegedly ordered that the plaintiff's cell be searched. Id. at ¶12. The plaintiff alleges that after a multi-hour search of the his cell that left thousands of pages of legal documents in disarray, defendant Bode asked the plaintiff if he still felt like staying at Waupun. Id. The plaintiff says that later that evening, Bode returned to the plaintiff's cell with a handful of documents, "saying they were no longer needed." Id. at ¶13. Among the items Bode returned to the plaintiff were three envelopes and/or letters from attorneys and the district court and three motions and a letter related to Case No. 15-cv-557. Id. at ¶14. The plaintiff says that he was "shocked" to learn that any of his legal paperwork had been seized as part of the cell search and he "demanded that Bode fill out receipts describing the materials he was returning." Id. at ¶13.

5

The plaintiff alleges that four days later, on June 26, 2015, the defendants ordered the plaintiff's cell to be searched twice on the same day. Id. at ¶15. The plaintiff says that when defendant Doe #1 allegedly finished the first search, the plaintiff asked Doe #1 why his cell was being search again so soon and Doe #1 replied that he "probably shouldn't sue the Governor." Id. About an hour later, as the plaintiff was finishing up organizing thousands of pages of documents that had been strewn on his floor during the first search, defendant Doe #2 allegedly told the plaintiff that he needed to search the cell. Id. at ¶16. The plaintiff alleges that after performing another exhaustive search of the plaintiff's cell, Doe #2 left the cell with a handful of legal paperwork. Id. at ¶17. The plaintiff says he requested a receipt for the seized materials and that Doe #2 wrote on the "DOC-237" that miscellaneous legal supplies were being held for review. Id. According to the plaintiff, when the legal materials were returned to him, they included the defendants' June 22, 2015 denials of his request for legal loans for Case Number 15-cv-557. Id. at ¶18.

The plaintiff claims that defendants Kamphuis and Hartman retaliated against him for filing Case Number 15-cv-557 by improperly denying his legal loan requests for the case, threatening to suspend all legal loans, ordering his cell to be searched three times and having his legal paperwork seized. Id. at ¶19. He claims that defendants Bode and the Does retaliated against him for filing Case Number 15-cv-557 by searching his cell and leaving it in disarray, and by seizing his legal paperwork. Id. at ¶20.

C.  <u>Analysis</u>

To plead a retaliation claim, the plaintiff needs to allege that "(1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was at least a motivating factor in the defendants' decision to take the retaliatory action." <u>Perez v. Fenoglio</u>, 792 F.3d 768, 783 (7th Cir. 2015) (quoting <u>Bridges v. Gilbert</u>, 557 F.3d 541, 546 (7th Cir. 2009)). The plaintiff has alleged those facts against all of the defendants—he has alleged that he engaged in activity protected by the First Amendment (filing lawsuit 15-cv-557); that he was denied legal loans and subjected to repeated searches of his cell; and that some of the defendants made comments (oral or written) indicating that they took these actions because he had filed the lawsuit. The plaintiff may proceed on his claims that the defendants retaliated against him for filing Case Number 15-cv-557.

**III. Conclusion**

The court **GRANTS** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 2.

The court **DENIES AS UNNECESSARY** the plaintiff's motion to show cause. Dkt. No. 10.

Under an informal service agreement between the Wisconsin Department of Justice and this court, the court will electronically transmit a copy of the complaint and this order to the Wisconsin Department of Justice for service on defendants Carla Hartman, Nikki Kamphuis and CO Bode. Under the informal

7

service agreement, the court **ORDERS** those defendants to file a responsive pleading to the complaint within 60 days.

The court **ORDERS** that the agency that has custody of the plaintiff must collect from his institution trust account the **$226.00** balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the plaintiff's trust account and forwarding payments to the clerk of court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The agency must clearly identify the payments by the case name and number. If the plaintiff transfers to another county, state or federal institution, the transferring institution must forward a copy of this order, along with the plaintiff's remaining balance, to the receiving institution.

The court will send a copy of this order to the Warden at Green Bay Correctional Institution.

The court **ORDERS** that the parties may not begin discovery until after the court enters a scheduling order setting deadlines for completing discovery and filing dispositive motions.

The court **ORDERS** that plaintiffs who are in custody at Prisoner E-Filing Program institutions[3] must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the court. Plaintiffs

---

[3] The Prisoner E-Filing Program is mandatory for all persons incarcerated at Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution and Oshkosh Correctional Institution.

who are in custody at all other prison facilities must submit the original document for each filing to the court to the following address:

>Office of the Clerk
>United States District Court
>Eastern District of Wisconsin
>362 United States Courthouse
>517 E. Wisconsin Avenue
>Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS. It will only delay the processing of the case.

The court advises the plaintiff that, if he fails to file documents or take other required actions by the deadlines the court sets, the court may dismiss the case based on his failure to diligently pursue it. The parties must notify the clerk of court of any change of address. The court also advises the plaintiff that it is his responsibility to promptly notify the court if he is released from custody or transferred to a different institution. The plaintiff's failure to keep the court advised of his address may result in the court dismissing this case without further notice.

Dated in Milwaukee, Wisconsin, this 19th day of July, 2021.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**Chief United States District Judge**