UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JOSHUA HOWARD,

    Plaintiff,

v.                Case No. 20-cv-1768-pp

CARLA CLOVER, NIKKI KAMPHUIS,
BRAD BADE, and DOES,

    Defendants.

**ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR EXTENSION OF DISCOVERY DEADLINE (DKT. NO. 30), GRANTING PLAINTIFF'S MOTION TO IDENTIFY DOE DEFENDANT (DKT. NO. 38)**

  Plaintiff Joshua Howard, who is confined at the Fox Lake Correctional Institution and who is representing himself, filed this case alleging that the defendants retaliated against him for filing another civil case. Dkt. No. 1. The court screened the complaint and allowed the plaintiff to proceed on claims that defendants Carla Hartman and Nikki Kamphuis retaliated against him for filing Case Number 15-cv-557 by improperly denying his legal loan requests for the case, ordering his cell to be searched three times and having his legal paperwork seized; and that defendants Brad Bade and Does #1 and #2 retaliated against him for filing Case Number 15-cv-557 by searching his cell and seizing his paperwork. Dkt. No. 13 at 6-7. On November 5, 2021, the court issued a scheduling order, setting a deadline of April 4, 2022 for completing discovery and the deadline for amending pleadings without leave of court by February 7, 2022. Dkt. No. 19. The order stated:

1

> The parties may file motions to amend the pleadings or add parties no later that **February 7, 2022**. This includes the identification of the party (or parties) previously identified as John Does. If the plaintiff does not identify the party (or parties) previously identified as John Does by this date, the court may dismiss that party or parties.

Id. at 2 (emphasis in the original).

February 7, 2022 came and went without any party amending pleadings.

On March 17, 2022—two weeks before the deadline for completing discovery—the court received from the plaintiff a motion for extension of the discovery deadlines. Dkt. No. 30.[1] The plaintiff stated that he had not been able to identify the Doe defendants, *i.e.*, the two officers who conducted cell searches on June 26, 2015. Id. at 1. He stated that there did not appear to be any internal documentation and that he could match the signature on the property receipt with any of the names on the redacted schedule. Id. The plaintiff stated that he sent the signature to the defendants for identification and/or asked for a redacted schedule. Id. In addition, the plaintiff stated that he still needed to follow up with the defendant concerning delayed emails that security staff held up because of security concerns. Id. at 1-2. The plaintiff requested a five-month extension of time to conduct discovery. Id. at 2.

The defendants filed a response to the plaintiff's motion in which they stated that while they did not oppose responding to the currently outstanding

---

[1] The defendants have filed a motion for partial summary judgment on the ground that the plaintiff failed to exhaust his administrative remedies. Dkt. No. 20. This motion is fully briefed and will be addressed in a separate order. On April 7, 2022, the court granted the defendants' motion to stay the dispositive motion deadline on the merits until forty-five days after the court issues a decision on defendants' motion for partial summary judgment. Dkt. No. 37.

untimely discovery requests which they already had received from the plaintiff, they *did* oppose any additional extensions. Dkt. No. 33 at 1. Noting that the deadline for the completion of discovery was April 4, 2022, the defendants indicated that they would respond to the plaintiff's untimely March 11, 2022 follow-up discovery requests relating to his prior requests and his untimely March 23, 2022 discovery requests. Id. at 1-2. The defendants opined that the latter request appeared to contain the follow up that the plaintiff wished to pursue with respect to the delayed emails. Id. The defendants contended that the plaintiff had not stated any justification which would warrant providing him another five months to serve new discovery requests. Id. They also stated that the plaintiff was struggling to identify the Doe defendants because he had waited five years to file the lawsuit, and no one recalls the incidents or has the documents he would need to identify the officers in question. Id. at 2-3.

On April 15, 2022—over two months after the deadline for amending pleadings without leave of court and eleven days after the original deadline for completing discovery—the court received from the plaintiff a motion to identify Doe defendant. Dkt. No. 38. The plaintiff stated that he'd sent a copy of his property receipt for the search to defense counsel, who had identified the signing officer as Officer Paul Weirsma. The plaintiff asked to add Wiersma as a defendant in place of a John Doe placeholder. Id.

The defendants responded that allowing the plaintiff to amend his complaint to add Wiersma would be futile because the statute of limitations has run as to Wiersma. Dkt. No. 39. They argue that the plaintiff claims the

3

cell search took place on June 26, 2015, outside of the then-applicable six-year statute of limitations. Id. at 2. They cite a recent Seventh Circuit case holding that naming a Doe defendant through an amended complaint does not "relate back" to the date the original pleading was filed. Id. (citing Herrera v. Cleveland, 8 F.4th 493, 498-99 (7th Cir. 2021).

The plaintiff replied that "[i]f the Defendants' interpretation of Herrera is accurate then it is simply bad law." Dkt. No. 40 at 1. He says that such a holding would require a plaintiff to know the name of every defendant before filing his lawsuit, "which would incentivize delay tactics during discovery . . . ." Id. The plaintiff asserts that the defendants waived any statute of limitations defense by failing to raise it in their answer and that the court should equitably toll the statute of limitations because it had expired before discovery began. Id. at 2.

The complaint alleges that on June 26, 2015, the defendants ordered the plaintiff's cell to be searched twice in the same day in retaliation for his having filed a lawsuit against the governor. Dkt. No. 1 at ¶15. The plaintiff filed the complaint in this case on November 30, 2020—five years, five months and four days after the alleged search took place. At the time of the alleged search— June 2015—the statute of limitations for bringing §1983 claims was six years. See, *e.g.*, Huber v. Anderson, 909 F.3d 201, 207 (7th Cir. 2018) (". . . the limitations period at the time [the plaintiff] filed this action was six years. See Wis. Stat. § 893.53 (2016), *amended by* 2017 Wis. Act 235 (eff. Apr. 5, 2018) (reducing applicable statute of limitations from six to three years)."). Federal

4

law determines when the claim accrues; "accrual occurs when 'the plaintiff has "a complete and present cause of action,"' . . . that is, when "the plaintiff can file suit and obtain relief."'" Id. (quoting Wallace v. Kato, 549 U.S. 384, 388 (2007)).

The plaintiff knew, as of June 26, 2015, that his cell had been searched twice, purportedly because he had sued a government official. So his retaliation cause of action accrued on that date and the six-year limitation period ran through June 26, 2021. The plaintiff filed his complaint with just under seven months remaining on that limitation period. The plaintiff did not pay the initial partial filing fee until February 17, 2021—about two months and forty-five days after filing the complaint. The court did not screen the complaint until July 19, 2021—almost a month after the six-year statute of limitations would have expired. As the plaintiff correctly points out, the court did not issue the scheduling order that started the discovery period until November 5, 2021—over four months after the six-year limitations period expired.

Fed. R. Civ. P. 15(c) governs the circumstances in which an amended complaint "relates back" to the original complaint. It states:

> (c) Relation Back of Amendments
>
>     (1) *When an Amendment Relates Back.* An amendment to a pleading relates back to the date of the original pleading when:
>
>         (A) the law that provides the applicable statute of limitations allows relation back;
>
>         (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or

> > occurrence set out—or attempted to be set out—in the original pleading; or
>
> (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and compliant, the party to be brought in by amendment:
>
> > (i) received such notice of the action that it will not be prejudiced in defending on the merits; and
> >
> > (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

In Herrera, the Seventh Circuit emphasized that it had "long adhered" to a "John Doe rule" that "a plaintiff naming a John Doe defendant 'because he does not know who harmed him' is not a mistake under Rule 15(c)." Herrera, 8 F.4th at 497. Although some district courts had concluded that the United States Supreme Court's decision in Krupski v. Costa Crociere S.p.A., 560 U.S. 538, 555-57 (2010) had done away with this long-standing rule, the Seventh Circuit disagreed. Id. at 498. It stated that "suing a John Doe defendant is a conscious choice, not an inadvertent error," and that Krupski "neither overruled nor undermined our circuit's treatment of the John Doe issue." Id. at 499. The Seventh Circuit stated, "we hold that naming a John Doe defendant does not constitute a 'mistake' within the meaning of Rule 15(c)(1)(C)(ii)," id. at 498, and concluded that the plaintiff's second amended complaint—filed after the limitations period had expired—"cannot relate back to the date of his original complaint under Rule 15(c)(1)(C)" and was untimely, id. at 499.

The plaintiff is entitled to his opinion that that <u>Herrera</u> is "bad law," but his opinion has no bearing on this court's decision. This district court is bound by the decisions of the Seventh Circuit. Even if this court believed that <u>Herrera</u> constituted "bad law"—and the court is not saying that it does—a district court does not have the authority to overrule a decision by the Seventh Circuit. <u>Herrera</u> renders the plaintiff's request to amend the complaint to add Wiersma as a defendant untimely.

The plaintiff argues, however, that the defendants have waived the statute of limitations because it is an affirmative defense and they did not raise it in their answer. Although the defendants raised the doctrine of laches as an affirmative defense, the plaintiff is correct that they did not mention the statute of limitations. Dkt. No. 4 at 4-5. Fed. R. Civ. P. 12(b) says that "[e]very defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required." Fed. R. Civ. P. 8(c)(1) lists the affirmative defenses that must be asserted in a responsive pleading, including "statute of limitations." "A defendant's failure to plead an affirmative defense may result in a waiver of the defense if the defendant has relinquished it knowingly and intelligently, or forfeiture if the defendant merely failed to preserve the defense by pleading it." <u>Reed v. Columbia St. Mary's Hospital</u>, 915 F.3d 473, 478 (7th Cir. 2019). Although the forfeiture rule "is . . . not to be applied rigidly," <u>id.</u> (quoting <u>Garofalo v. Vill. of Hazel Crest</u>, 754 F.3d 428, 436 (7th Cir. 2014)), the Seventh Circuit has cautioned district courts to be "alert to the real and practical harms that can result from failures to plead," <u>id.</u>

In Reed, the Seventh Circuit concluded that the district court erred in considering an affirmative defense that the defendant had not raised until summary judgment. The court based that conclusion on several factors, one of them being that "the defendant . . . has offered no excuse or explanation for failing to plead the defense in it[s] answers or for raising the defense so late." Id. at 482. The court opined, "Without a credible excuse for the delay, the [defendant's] late invocation of the defense looks like a straight ambush of the plaintiff when it was too late for her to put together a comprehensive rebuttal." Id. The court also observed that the defendant had not deployed the affirmative defense until after discovery had closed, "meaning both parties had already invested a good deal of time and money in the case on the legitimate expectation that they knew what the issues were." Id.

The Reed rationale is compelling here. The defendants have known since being served with the complaint that there were Doe defendants whose real names the plaintiff did not know. On August 9, 2021—after the statute of limitations had run—the plaintiff filed a motion to substitute the correct names for defendants Bade and Clover. Dkt. No. 16. The court granted that motion (albeit two days after receiving it) and the defendants did not object. Dkt. No. 18. The defendants received the November 5, 2021 scheduling order which advised parties that they had to identify the real names of Doe defendants by February 7, 2022, dkt. no. 19; as the plaintiff correctly notes, the defendants did not object. Apparently when the plaintiff provided the defendants with the property receipt from the search, they responded by giving the plaintiff

8

Wiersma's name. Yet once they had done so, they asserted that the court should not allow the plaintiff to add Wiersma's name because the statute of limitations had run. This feels like the "straight ambush" described by the Reed court. The defendants also have known since receiving the complaint that the plaintiff intended to sue whoever had participated in the search of his cell on June 26, 2015. The claim itself is not a surprise to them.

It is true that the plaintiff waited until only a few months remained in the limitations period to file his complaint. But the defendants waited to raise the limitations defense until the plaintiff finally had learned the name of the officer who had participated in the search. The court will enforce the forfeiture rule and conclude that the defendants waived the statute of limitations defense by failing to raise it in their answer. The court will grant the plaintiff's motion to amend the complaint to substitute Officer Paul Weirsma for a John Doe placeholder, and will require Wiersma to respond.

The Herrera court conceded that the doctrine of equitable tolling could apply. Id. As the court explained, "[e]quitable tolling halts the limitations clock 'when a litigant has pursued his rights diligently but some extraordinary circumstance prevents him from bringing a timely action.'" Id. (quoting Xanthopoulos v. United States Dep't of Labor, 991 F.3d 823, 831 (7th Cir. 2021)). The plaintiff argues that the court should apply the doctrine of equitable tolling to allow him to add Wiersma. Because the court has agreed that the defendants forfeited the limitations defense, it need not decide whether the doctrine of equitable tolling applies.

As for the plaintiff's request for a five-month extension of time, the court agrees with the defendants that the plaintiff has not provided justification for an extension of that length, particularly now that he has the name of the officer who signed the property receipt for the search. The plaintiff has had ample time to conduct discovery and already has served a significant number of discovery requests on the defendants. And he did not ask the court for more time until well after the deadline for identifying the Doe defendants had expired. On the other hand, the plaintiff has advised the court that he believes he can identify at least one of the Does (presumably the second one who participated in the search with Wiersma) if the defendants provide a unredacted version of the time sheet from the day in question. Dkt. No. 36 at 1-2. The court will extend the discovery period for a very brief time to allow the plaintiff to obtain discovery related solely to the identification of the remaining Doe defendant, and to request specific discovery as to Wiersma (and, if he identifies the second Doe defendant, that defendant).

The court **GRANTS IN PART** the plaintiff's motion for extension of discovery deadline. Dkt. No. 30. The plaintiff may conduct discovery related only to the identification of the remaining Doe defendant and Officer Paul Wiersma. If the plaintiff identifies the remaining Doe defendant, the plaintiff may conduct discovery limited to these defendants. The deadline for the completion of discovery is **September 6, 2022**.

The court **GRANTS** the plaintiff's motion to identify Doe defendant. Dkt. No. 38.

The court **ORDERS** that the Clerk of Court should substitute defendant Paul Wiersma for a John Doe placeholder.

The court **ORDERS** that defendant Wiersma must answer or otherwise respond to the complaint.

The court **ORDERS** that the deadline for the plaintiff to identify the remaining Doe defendant is extended to **July 15, 2022**.

Dated in Milwaukee, Wisconsin this 20th day of May, 2022.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**