UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JOSHUA HOWARD,

                Plaintiff,

v.                                                  Case No. 20-cv-1768-pp

CARLA CLOVER, *f/k/a Carla Hartman*,
NIKKI KAMPHUIS, BRAD BADE,
JOHN DOE #2 and PAUL WIERSMA,

                Defendants.

**ORDER DENYING DEFENDANTS' MOTION FOR RECONSIDERATION OF COURT'S DECISION TO ALLOW PLAINTIFF TO IDENTIFY JOHN DOE (DKT. NO. 42), DENYING PLAINTIFF'S MOTION TO STRIKE ANSWER AND AMENDED ANSWER (DKT. NO. 52), DISMISSING JOHN DOE #2 AND SETTING DEADLINE FOR PARTIES TO FILE MOTIONS FOR SUMMARY JUDGMENT ON THE MERITS**

      Plaintiff Joshua Howard, who is confined at Fox Lake Correctional Institution and who is representing himself, filed this case alleging that the defendants retaliated against him for filing another civil case. Dkt. No. 1. The court screened the complaint and allowed the plaintiff to proceed on claims that Carla Clover (formerly known as Carla Hartman) and Nikki Kamphuis retaliated against him for filing Case Number 15-cv-557 by improperly denying his legal loan requests for the case, ordering his cell to be searched three times and having his legal paperwork seized; and that Brad Bade, John Doe #1 (identified as Paul Wiersma on May 20, 2022) and John Doe #2 retaliated against him for filing Case Number 15-cv-557 by searching his cell and seizing

1

his paperwork.[1] Dkt. No. 13 at 6-7. On May 20, 2022, the court granted the plaintiff's motion to identify a Doe defendant as Paul Wiersma and ordered the Clerk of Court to substitute defendant Wiersma for one Doe placeholder. Dkt. No. 41. In this order, the court rules on the defendants' motion for reconsideration of the court's order granting the plaintiff's request to substitute the real name of John Doe #1 as Paul Wiersma, dkt. no. 42, and the plaintiff's motion to strike Wiersma's answer and amended answer, dkt. no. 52.

I.   **Defendants' Motion for Reconsideration (Dkt. No. 42)**

Some time ago, the defendants filed a motion for reconsideration of the court's order granting the plaintiff's motion to identify a Doe defendant. Dkt. No. 42. The court had determined that while the plaintiff's request to amend the complaint to add Wiersma as a defendant was untimely because he filed the request outside the then-applicable six-year statute of limitations and that naming the Doe defendant through an amendment to the complaint did not "relate back" to the date the plaintiff filed the original complaint under Federal Rule of Civil Procedure 15(c), the defendants had waived the statute of limitations because they failed to raise it in their September 17, 2021 answer (dkt. no. 18). Dkt. No. 41 at 4-7, 9. The court granted the plaintiff's motion to

---

[1] On September 16, 2022, the court granted the defendants' motion for partial summary judgment on exhaustion grounds and dismissed the plaintiff's claim that Clover and Kamphuis retaliated against him for filing Case No. 15-cv-557 by denying his legal loan and disbursement requests for that case. Dkt. No. 54 at 1-2. The court stated that it would resolve the defendants' motion for reconsideration and the plaintiff's motion to strike in a separate order and that, once resolved, the court would give the parties forty-five days to file motions for summary judgment on the merits. Id. at 14. The court sets that deadline at the end of this order.

2

Case 2:20-cv-01768-PP   Filed 03/07/23   Page 2 of 9   Document 55

substitute Wiersma for a John Doe placeholder and ordered defendant Wiersma to respond to the complaint. Id. at 9.

The defendants contend that the court's determination that they forfeited the statute of limitations defense by failing to raise it in their answer relies on manifest errors of law and fact. Dkt. No. 42 at 1-2. They assert that Wiersma did not forfeit the statute of limitations defense because he had not yet filed an answer. Id. at 2. The defendants state that while Clover, Kamphuis and Bade filed an answer on September 21, 2021 that did not raise the statute of limitations defense, they could not waive the defense for Wiersma. Id. at 3. The defendants also contend that, if the court finds that Wiersma can assert a statute of limitations defense, the court should not apply equitable tolling to save the claim against Wiersma. Id. at 4.

The plaintiff responds that "Doe" is a placeholder and except for the spelling of their names, all the necessary dates and relevant information, including everything that would signal a need to raise a statute of limitation defense, was in the complaint. Dkt. No. 45 at 2. The plaintiff asserts that it is disingenuous for the defendants to now claim not to have standing to assert or waive a defense for the Does after raising a statute of limitations defense on his/their behalf. Id. The plaintiff also states that in their motion, the defendants attempt to assign fault to the plaintiff because he retained his copy of the property receipt and the institution did not. Id. The plaintiff says he had no way of knowing that the defendants failed to file or retain the documents related to the cell search until after conducting discovery. Id.

3

The court's May 20, 2022 order granting the plaintiff's motion to identify the Doe defendant correctly states that the defendants' answer did not raise the statute of limitations defense; at that time the named defendants were Clover, Kamphuis and Bade. Dkt. No. 41 at 7. The court, however, incorrectly attributed the September 17, 2021 answer to Wiersma. See Ruiz-Rivera v. United States, 212 F. Supp. 3d 293, 295 (D.P.R. 2015). When the court granted the plaintiff's motion to identify a Doe defendant as Wiersma, it ordered Wiersma to answer or otherwise respond to the complaint, dkt. no. 41 at 11, and Wiersma's timely amended answer raises the statute of limitations defense, dkt. no. 51. On July 15, 2022, Wiersma filed his initial answer to the complaint, in which he did not raise the statute of limitations defense. Dkt. No. 48. Twelve days later, the plaintiff filed a letter informing the court that he would be unable to identify the remaining John Doe in this case (John Doe #2)[2] and that Wiersma's July 15, 2022 answer failed to assert the statute of limitations affirmative defense. Dkt. No. 50. Two days after that (on July 29, 2022), Wiersma filed an amended answer that raises the statute of limitations defense. Dkt. No. 51. Wiersma has *not* waived the statute of limitations defense.

In his reply in support of his motion to identify the Doe defendant, the plaintiff argued that the court should equitably toll the statute of limitations because it expired before discovery began. Dkt. No. 40 at 2. When the court (incorrectly) determined that the defendants, including Wiersma, had forfeited

---

[2] The court will dismiss John Doe #2.

4

Case 2:20-cv-01768-PP   Filed 03/07/23   Page 4 of 9   Document 55

the limitations defense, it concluded that it was not required to consider whether the doctrine of equitable tolling applied. Dkt. No. 41 at 9. Because Wiersma has raised the statute of limitations defense, the court now will consider whether the doctrine of equitable tolling should apply to allow the plaintiff to add Wiersma.

"Equitable tolling halts the limitations clock 'when a litigant has pursued his rights diligently but some extraordinary circumstance prevents him from bringing a timely action.'" Herrera v. Cleveland, 8 F.4th 493, 499 (7th Cir. 2021) (quoting Xanthopoulos v. United States Dep't of Labor, 991 F.3d 823, 831 (7th Cir. 2021)). The plaintiff has the burden to show "he diligently pursued the claim and some extraordinary circumstances prevented him from filing his complaint within the statute of limitations." Id. (quoting Sparre v. United States Dep't of Lab., 924 F.3d 398, 402-03 (7th Cir. 2019)).

Claims may be equitably tolled while courts preliminarily screen prisoner complaints. Randle v. Simmons, No. 19 C 6548, 2022 WL 15454407, at *3 (N.D. Ill. Oct. 27, 2022) (citing Sims v. Olszewski, No. 17 C 79, 2017 WL 1903121, at *7 (N.D. Ill. May 9, 2017) (collecting cases)); see also Bryant v. City of Chi., 746 F.3d 239, 243-44 (7th Cir. 2014) (statute of limitations should be equitably tolled while plaintiff awaits ruling on a motion that is necessary for him to proceed with his case, such as an application for leave to proceed *in forma pauperis*).

As explained in the court's order granting the plaintiff's motion to identify a Doe defendant as Wiersma, the plaintiff's retaliation claim accrued on June

5

26, 2015 and the six-year limitation period ran through June 26, 2021. Dkt. No. 41 at 4-5. The plaintiff filed his complaint on November 30, 2020. The court's July 19, 2021 screening order directed that the parties could not begin discovery until the court issued a scheduling order, dkt. no. 13, and the court issued the scheduling order on November 5, 2021, dkt. no. 19. The court will toll the statute of limitations for the eleven months and six days that passed between the date the plaintiff filed the complaint and the date he was able to conduct discovery to identify the Doe defendants. Giving the plaintiff the benefit of that tolling, he needed file suit against Wiersma by June 1, 2022. The plaintiff filed his motion to identify Wiersma on April 15, 2022, within the limitation period. While the court agrees with the defendants that Wiersma did not forfeit the statute of limitations defense, it will deny the defendants' motion for reconsideration of its order granting the plaintiff's motion to identify a Doe defendant based on the tolling considerations described above.

## II. Plaintiff's Motion to Strike (Dkt. No. 52)

On August 8, 2022, the plaintiff filed a motion to strike Wiersma's answer and amended answer. Dkt. No. 52. He states that Wiersma's original answer should be stricken as untimely. Id. The plaintiff asserts that his motion "raises the question of whether the informal service agreement between the Wisconsin DOJ and the Court is the equivalent of a waiver of service under Rule 4(d), which would extend their deadline to file an answer from 21 days to 60 days" under Fed. R. Civ. P. 12(a)(1)(A)(i) & (ii). Dkt. No. 52 at 1. The plaintiff states that the informal agreement is not strictly a Rule 4(d) waiver of service

6

and that, unless the court provides a larger window of time to file an answer, the twenty-one-day deadline applies. Id. at 1-2. He asserts that when the court granted the plaintiff's motion to identify the Doe defendant, it ordered Wiersma to answer or otherwise respond to the complaint without specifying a time by which to do so, Wiersma had twenty-one days from May 20, 2022 to file a response to the complaint; the plaintiff asserts that Wiersma's responsive pleadings filed fifty-six and seventy days respectively after service should be stricken as untimely. Id. at 2.

The court first notes that it has the authority to extend the twenty-one-day deadline for answering a complaint. Fed. R. Civ. P. 6(b) governs extensions of time. Rule 6(b)(1) provides that when the rules require an act to be done in a specified time, the court may, "for good cause," extend that time. Rule 6(b)(2) provides a list of rules whose deadlines a court may not extend; Rule 12(a)(1)(A)(i) (the rule requiring a defendant to answer within twenty-one days) is not one of those rules. Rule 6(b) gives the court the authority to enter into the informal service agreement between the court and the Wisconsin Department of Justice.

The defendants contend that Wiersma's answer was timely under the informal service agreement in place between the court and the Wisconsin Department of Justice. Dkt. No. 53 at 1. Under that agreement, Department of Corrections defendants have sixty days to file an answer, calculated from the date of the Notice of Electronic Filing of a screening order. Id. at 2. The agreement alters the service requirement for incarcerated individuals suing

7

Department of Corrections employees. Rather than require personal service or a waiver of service under Fed. Rule Civ. P. 4(d), the agreement provides that the court emails the complaint and screening order to the Office of the Attorney General. The attorney assigned to the case then files an Acceptance of Service pursuant to the agreement. The defendants have sixty days from the date of the Notice of Electronic Filing of a screening order to respond to the complaint.

The plaintiff claims that the informal service agreement does not apply to Wiersma because the court's May 20, 2022 order did not specify that it did. While the court's May 20, 2022 order did not explicitly order service of the complaint on Wiersma, it did order Wiersma to respond to the complaint. Dkt No. 41 at 11. The attorney assigned to the case received the court's May 20, 2022 order via e-filing and filed an amended acceptance of service in which she accepted service on behalf of Wiersma under the informal service agreement between the Attorney General and the court; Wiersma timely filed an answer and amended answer to the complaint based on the informal service agreement. Dkt. Nos. 41, 46, 48, 51. Counsel for Wiersma reasonably accepted service on a Department of Corrections defendant under the informal service agreement between the court and the Department of Justice, under which it previously had accepted service for Clover, Kamphuis and Bade. The plaintiff has not shown a basis for striking Wiersma's answer or amended answer and the court will deny his motion.

### III. Conclusion

The court **DENIES** defendants' motion for reconsideration of court's decision to allow plaintiff to identify John Doe. Dkt. No. 42.

The court **DENIES** plaintiff's motion to strike answer and amended answer. Dkt. No. 52.

The court **DISMISSES** defendant John Doe 2.

The court **ORDERS** that the parties must file any motions for summary judgment on the merits by the end of the day on **April 14, 2023**.

Dated in Milwaukee, Wisconsin this 7th day of March, 2023.

BY THE COURT:

**HON. PAMELA PEPPER**
**Chief United States District Judge**