JOSHUA HOWARD,

                Plaintiff,

v.                                       Case No. 20-cv-1768-pp

CARLA CLOVER, *f/k/a Carla Hartman*,
NIKKI KAMPHUIS, BRAD BADE
and PAUL WIERSMA,

                Defendants.

**ORDER DENYING AS MOOT DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (DKT. NO. 60), GRANTING DEFENDANTS' MOTION FOR LEAVE TO FILE AMENDED SUMMARY JUDGMENT MOTION (DKT. NO. 75) AND SETTING DEADLINE FOR PLAINTIFF TO RESPOND TO AMENDED MOTION FOR SUMMARY JUDGMENT**

      Plaintiff Joshua Howard, who is confined at Fox Lake Correctional Institution and is representing himself, filed this case alleging that the defendants retaliated against him for filing another civil case. Dkt. No. 1. The defendants have filed a motion for summary judgment, dkt. no. 60, a motion for leave to file an amended motion for summary judgment, dkt. no. 75, and an amended motion for summary judgment, dkt. no. 76.

**I.    Procedural Background**

      The court screened the complaint and allowed the plaintiff to proceed on claims that defendants Carla Clover (formerly known as Carla Hartman) and Nikki Kamphuis retaliated against him for filing Case Number 15-cv-557 by improperly denying his legal loan requests for the case, ordering his cell to be searched three times and having his legal paperwork seized; and that

1

defendants Brad Bade, John Doe #1 (identified as Paul Wiersma on May 20, 2022) and John Doe #2 retaliated against him for filing Case Number 15-cv-557 by searching his cell and seizing his paperwork. Dkt. No. 13 at 6-7.

On September 16, 2022, the court granted the defendants' motion for partial summary judgment on exhaustion grounds and dismissed the plaintiff's claim that defendants Clover and Kamphuis had retaliated against him for filing Case Number 15-cv-557 by denying his legal loan and disbursement requests for that case. Dkt. No. 54 at 1-2. The defendants did not seek dismissal of the plaintiff's other two retaliation claims against Clover and Kamphuis.

On March 7, 2023, the court denied the defendants' motion for reconsideration of the court's order granting the plaintiff's motion to identify a Doe defendant (Wiersma) and denied the plaintiff's motion to strike defendant Wiersma's answer and amended answer. Dkt. No. 55. The court also dismissed defendant John Doe 2 and set a deadline for the parties to file summary judgment motions on the merits. Id. at 9.

## II. Defendants' Motion for Summary Judgment (Dkt. No. 60)

On May 19, 2023, the defendants filed a motion for summary judgment on the merits.[1] Dkt. No. 60. The plaintiff filed three motions for extensions of time to respond to the defendants' motion, dkt. nos. 68, 70, 72, which the

---

[1] The defendants filed, and the court granted, a motion to extend the close of discovery to April 19, 2023 and the dispositive motion deadline to May 19, 2023, to allow the defendants to depose the plaintiff. Dkt. Nos. 56, 58.

court granted, dkt. nos. 69, 71, 73, and the plaintiff filed his response on September 1, 2023, dkt. nos. 74, 82-84.[2]

In their motion for summary judgment, the defendants contend that the plaintiff's retaliation claims against Bade and Wiersma fail as a matter of law because the cell searches were not sufficiently adverse to support a retaliation claim, Bade and Wiersma were not motivated by retaliation and the searches were conducted for legitimate reasons. Dkt. No. 61 at 1. The defendants move for summary judgment only on behalf of defendants Bade and Wiersma. Dkt. No. 61 at 1. They incorrectly state that defendants Clover and Kamphuis were dismissed in the court's September 16, 2022 order that granted the defendants' motion for partial summary judgment on exhaustion grounds. Dkt. No. 61 at 1 n.1 (citing Dkt. No. 54). (That order dismissed the plaintiff's claim that Clover and Kamphuis retaliated against him by denying his legal loan requests, but it did *not* dismiss the plaintiff's claims that Clover and Kamphuis retaliated against him by ordering his cell to be searched and seizing his legal paperwork. Dkt. No. 54.)

In response to the defendants' summary judgment motion, the plaintiff first points out that the motion is limited to whether the court should grant

---

[2] The court received the plaintiff's response materials on September 1, 2023, but court staff inadvertently failed to docket the plaintiff's objections to defendants' proposed findings of fact, dkt. no. 82, plaintiff's proposed findings of fact, dkt. no. 83, and plaintiff's declaration, dkt. no. 84, until November 30, 2023. On November 30, 2023, the plaintiff called the court and advised that the court had not scanned and docketed all the documents he'd filed. Court staff located the original documents, re-scanned all of them and docketed them filed as of September 1, 2023.

3

summary judgment in favor of "Bade and Wiersma, (the officers who conducted the cell searches), and is silent as to the claims against Kamphuis and Clover, (the business office staff who allegedly ordered the cell searches)." Dkt. No. 74 at 1. The plaintiff states:

> Accordingly, the plaintiff responds that there are currently active claims against all four named defendants, however, based on the evidence, he is electing to proceed only on the claims against Defendant Clover. To that end, he asserts that her failure to file a motion for summary judgment amounts to a concession that there is sufficient evidence to warrant a trial and, if not, then the evidence shows several issues of triable fact which prevents an entry of summary judgment in Defendant Clover's favor."

Id. at 1-2. The plaintiff contends that Clover's failure to seek summary judgment should be treated as a concession and that the court should deny the defendants' motion for summary judgment because it fails to meet the applicable burden of proof as to Clover. Id. at 4. According to the plaintiff,

> [he] is in the awkward position of responding to arguments not made directly by Defendant Clover, but if the plaintiff assumes she was incorporated within the arguments raised in the brief filed by the Defendants, then Clover asserts that the plaintiff's claims fail because: 1) the searches were not sufficiently adverse, 2) there is no evidence the searches were motivated by the class action, and 3) the searches were done for legitimate reasons and would have occurred anyway.

Id. at 4-5.

In his summary judgment brief, the plaintiff argues that defendant Clover is not entitled to summary judgment because there is evidence that she engaged in a campaign of harassment upon learning that the plaintiff had filed a class action against Waupun Correctional Institution with Case Number 15-cv-557. Id. at 4-26. The plaintiff also contends that Clover is not entitled to

4

qualified immunity and that he is entitled to compensatory and punitive damages based on Clover's actions. Id. at 27-32.

### III. Defendants' Motion to File Amended Motion for Summary Judgment (Dkt. No. 75)

On September 15, 2023, the defendants filed a motion for leave to file an amended motion for summary judgment, amended summary judgment brief, amended declaration of Carla Clover and amended proposed findings of fact. Dkt. No. 75. The defendants state that they had intended to file a full motion for summary judgment addressing all outstanding claims in the case, but that counsel inadvertently failed to identify that some claims remained against Clover and Kamphuis. Id. at 2-3, ¶8. The defendants note that in his response to their motion for summary judgment against defendants Bade and Wiersma, the plaintiff conceded his claims against Bade, Wiersma and Kamphuis. Id. at 3, ¶9. They contend that the evidence shows that no reasonable jury would find that defendant Clover retaliated against the plaintiff and that those claims are appropriate for summary judgment. Id. at 3, ¶10. According to the defendants, it is in the interest of justice to resolve the claims on summary judgment if summary judgment is warranted and a trial would be a waste of the resources of the parties, the court and the jury members to decide the claims against Clover when those claims can be decided as a matter of law Id. at 3, ¶11.

The defendants have filed a proposed amended motion for summary judgment and supporting materials regarding the plaintiff's claims against Clover. Dkt. Nos. 76-79. They state that their amended motion for summary judgment has been updated to reflect that the motion is on behalf of only

5

Clover, "the only defendant remaining in this case in light of [the plaintiff's] statement that he is no longer pursing claims against anyone else." Dkt. No. 75 at 3 ¶12a. The defendants state that their amended summary judgment brief is updated to take out certain facts and arguments revolving around the security staff who completed the search, because the plaintiff no is longer pursuing his claims against them. Id. at 3-4 ¶12b. They state that they have added to the brief factual details and arguments as to why the claims should be dismissed as to Clover. Id. at 4 ¶12b. Next, the defendants state that Clover's amended declaration is updated to be more specific as to the reason for certain actions she took. Id. at 4 ¶12c. They also state that they updated the amended proposed findings of fact to remove facts that pertain only to the security staff who completed the search and to add facts from Clover's amended declaration. Id. at 4 ¶12d.[3]

The plaintiff opposes the defendants' motion for leave to file an amended motion for summary judgment. Dkt. No. 80 at 1. He states that the defendants have not offered a sufficient excuse for their failure to identify the remaining claims prior to filing for summary judgment. Id. The plaintiff also states that he is indigent and must receive a legal loan for everything he does, he has exceeded the "annual cap of $100" and he had to get an extension just to mail

---

[3] The defendants state that the plaintiff's failure to include proposed findings of fact and responses to the defendants' proposed findings of fact in response to their first motion for summary judgment on the merits provides further good cause for the court to allow them to file an amended motion for summary judgment. Dkt. No. 74 at 4 ¶13. As explained above, however, the plaintiff *did* file those documents, but court staff inadvertently failed to docket them.

out his summary judgment response in this case. Id. at 2. He states that he spent close to a third of his annual loan amount responding to the defendants' failure to exhaust motion "which argued a moot point" and that he "should not have to spend his limited time and resources responding to a third summary judgment motion." Id. The plaintiff "moves the Court to deny the motion for leave and reasserts the argument made in his brief that the Defendants' motion for summary judgment should be denied as to Clover for failing to meet their burden." Id.

The defendants filed a reply in which they state that the plaintiff has not provided compelling reasons for denying their motion to file an amended motion for summary judgment. Dkt. No. 81 at 1. According to the defendants, the facts that the plaintiff is "a prolific litigator" and has used up his legal loan funds by filing an excessive number of lawsuits is not a good reason to deny Clover the opportunity to move for summary judgment. Id. at 1-2. The defendants also state that if the plaintiff must wait until 2024 to use next year's loan for his response, they do not oppose an extension of time. Id. at 2.

### IV. Discussion

In response to the defendants' May 19, 2023 motion for summary judgment, the plaintiff states that he elects to proceed only on his claims against Clover. He contends that the defendants' failure to include Clover in their motion for summary judgment should be construed as a concession that there is sufficient evidence to warrant a trial. The court will not construe the defendants' failure to include Clover in their May 19, 2023 motion for summary

7

judgment as a concession that there is sufficient evidence to warrant a trial because, as the plaintiff acknowledges, the defendants' summary judgment brief erroneously states that the court dismissed all of the plaintiff's claims against Clover and Kamphuis in its September 16, 2022 order. The plaintiff also states that if the court does not find that Clover's failure to file a summary judgment motion amounts to a concession, several factual disputes prevent the court from granting summary judgment in her favor. But Clover has not filed a motion for summary judgment. If the court is going to consider whether Clover is entitled to summary judgment, it must give Clover the opportunity to file a motion for summary judgment.

Because the plaintiff has stated that he wants to proceed only on his claims against Clover, at trial or via summary judgment, the court will dismiss defendants Kamphuis, Bade and Wiersma. This means that the defendants' May 19, 2023 motion for summary judgment on the merits against Bade and Wiersma is moot, and the court will deny it as moot.

The defendants filed their motion for leave to file an amended motion for summary judgment under Federal Rule of Civil Procedure 15(a), which allows for amendments of *pleadings*, not motions. See 6 Charles Alan Wright & Arthur R. Miller, FEDERAL PRACTICE AND PROCEDURE §1475 (West 3d ed. April 2023 Update); see also Fed. R. Civ. P. 7(a) (allowing for only the following pleadings: complaint, answer to complaint, answer to counterclaim, answer to crossclaim, third-party complaint, answer to third party complaint and, if ordered, reply to an answer). The court will deny the defendants' motion to amend under Rule

8

Case 2:20-cv-01768-PP    Filed 01/02/24    Page 8 of 10    Document 85

15. The court, however, has broad discretion to manage its docket. <u>Gordon v. Veneman</u>, 61 F. App'x 296, 298 (7th Cir. 2003) ("Permitting a second summary judgment motion is essentially a decision concerning case management, and district court judges are in the best position to make such decisions.") (citing <u>Grayson v. O'Neill</u>, 308 F.3d 808, 817 (7th Cir. 2002)). "[W]hether a district court may permit a second summary judgment motion when a party neglects to address all of the non-movant's claims in its first motion" is a question "wholly within the court's discretion." <u>Gordon</u>, 61 F. App'x at 298. The court will grant the defendants' motion to file an amended motion for summary judgment; there is no need to risk wasting judicial resources on a claim that may not make it to trial. <u>See</u> <u>Gordon</u>, 61 F. App'x at 298 (citing <u>Whitford v.</u> Boglino, 63 F.3d 527, 530 (7th Cir. 1995)).

The court will give the plaintiff thirty days to respond to Clover's amended motion for summary judgment. If the plaintiff needs more time to respond to the motion so that he can obtain a legal loan, he may file a motion for extension of time.

**V. Conclusion**

The court **ORDERS** that defendants Nikki Kamphuis, Brad Bade and Paul Wiersma are **DISMISSED**.

The court **DENIES AS MOOT** the defendants' motion for summary judgment. Dkt. No. 60.

The court **GRANTS** the defendants' motion for leave to file amended summary judgment motion, amended summary judgment brief, amended declaration of Carla Clover and amended proposed findings of fact. Dkt. No. 75.

The court **ORDERS** that the plaintiff's response to Clover's amended motion for summary judgment is due by the end of the day on **January 31, 2024**. If the court does not receive the plaintiff's response, or a motion for extension of time to file one, by the end of the day on January 31, 2024, the court will consider the motion unopposed and resolve it without input from the plaintiff.

Dated in Milwaukee, Wisconsin this 2nd day of January, 2024.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**